PERRY v. PERRY.

(October 9, 1900.)

1. *Landlord and Tenant—Lien—Mortgage.*

A lessee, who sublets land and furnishes supplies to sub-tenant, holds a prior lien to a mortgagor of the crops.

2. *Landlord and Tenant—Lease—Lien—Fraud.*

That a lease between a lessor and lessee is void, does not affect relations existing between lessee and a sub-tenant as to lien for advancements.

CIVIL ACTION by J. W. Perry against Philip T. Perry and another, heard by Judge *H. R. Starbuck,* and a jury, at Spring Term, 1900, BERTIE Superior Court. From a judgment for defendants, plaintiff appealed.

*Martin & Peebles,* for plaintiff.
*Francis D. Winston,* for defendants.

MONTGOMERY, J. The defendant, Perry, had an agreement with the guardian of certain infant children by which a piece of land in Bertie County was put into the possession

and charge of Perry, "with the privilege of working it himself, paying rent therefor, or renting it out to others, and with the instruction that he should use it the best he could, just as he would his own land." Perry rented the land in the year 1898 to the other defendant, Warrington, for 1,000 pounds of lint cotton, and during the year advanced to Warrington supplies to aid him in making the crop, to the amount of $82. In May of the same year, Warrington executed his note in the sum of $250, payable on November .. following, to the plaintiff, and, to secure the same, executed a chattel mortgage on the crop growing and to be grown on the same land. After the payment of the rent there were left two bales of cotton, which the defendant, Perry, intended to apply towards the payment of his supply account advanced to the other defendant; and, after the same was delivered by Warrington to the other defendant, it was seized by the plaintiff in an action to recover personal property, with the intent on his part to apply it to the debt which Warrington owed to him.

The first issue submitted to the jury was in these words: "Is the plaintiff the owner of the property described in the complaint, and is he entitled to the possession of the same?" And his Honor instructed the jury to answer the issue, "No." There was no error in the instruction.

Under the agreement between the guardian and the defendant Perry, Perry, by his subsequent action, became a tenant of the guardian, and his agreement with Warrington constituted in law the relation of landlord and tenant, or rather that of tenant and sub-tenant. And the defendant, Perry, therefore had the right to apply the crop made by Warrington towards the satisfaction of the amount due for the rent and for supplies furnished with which to make the crop. The contention of the plaintiff's counsel that the contract of

rental by the guardian to Perry was void, under chap. 83 of the Acts of 1891, in so far as that contract can be construed into a rental of the land, can not be maintained.   Between the guardian and his wards, the agreement might be treated as a nullity by the wards, if there was either fraud or negligence in procuring a just and reasonable rent for the land. With that, however, the plaintiff has no concern.

No error.